**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER TOLAND,** | : | **CIVIL NO. 1:CV-08-0487** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **CATHERINE McVEY, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Christopher Toland ("Toland"), an inmate confined at the State Correctional Institution at Retreat, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Named as Defendants are Catherine McVey, Chairwoman of the Pennsylvania Board of Probation and Parole ("PBPP"), and eight (8) members of the PBPP, all sued in their official capacities.  The matter proceeds on an amended complaint (Doc. No. 13) and a supplement thereto (Doc. No. 24).  Toland maintains that in denying him release on parole, Defendants have violated the Ex Post Facto and Due Process clauses of the United States Constitution.  Before the Court for consideration is Defendants' motion to dismiss the amended complaint.  (Doc. No. 32.)  For the reasons that follow, the motion will be granted.  The action will be dismissed without prejudice to Toland to file a new complaint challenging his latest denial of parole.

I.    **Background**

On April 19, 1993, Toland plead guilty to Rape, Aggravated Indecent Assault, two (2) counts of Kidnapping, Possessing an Instrument of Crime and Simple Assault.  On November 16, 1993, he was sentenced to three consecutive sentences totaling a term of eleven (11) to forty (40) years in prison.  (Doc. No. 24, Supp'l Compl. ¶ 87.)  According to Toland, he applied for parole five times since the expiration of his minimum sentence.  (Id., ¶ 4.)  Following an

interview with Toland in January of 2009, a review of his file and considering all matters required pursuant to the Parole Act, the Board denied his application for parole on March 25, 2009.  (Id., Ex. A, Notice of Board Decision dated 3/25/09.)  The reasons included for the Board's decision to deny parole included the following: Toland's risk and needs assessment indicating his level of risk to the community and reports, evaluations and assessments/level of risk indicating Toland's risk to the community.  The Board stated that Toland would be reviewed again in or after August of 2011, and that at his next interview his file would be reviewed and the following considered: whether Toland has successfully participated in/successfully completed a treatment program for violence prevention and prescriptive program plan; whether Toland has maintained a favorable recommendation for parole from the Department of Corrections ("DOC"); whether Toland has maintained a clear conduct record; and an enhanced mental evaluation and sex offender program evaluation to be available at the time of review.  (Id.)

In the standing amended complaint, as supplemented, Toland challenges his parole denial of March 25, 2009, on the basis of Ex Post Facto and Due Process violations.  The only relief sought is injunctive in the form of a new parole consideration.  On April 26, 2010, Defendants filed a motion to dismiss the amended complaint, as supplemented.  (Doc. No. 32.)  On May 10, 2010, a brief in support of the motion was filed.  Toland filed his opposition to the motion on May 19, 2010.

Recently, however, on January 21, 2011, Toland submitted a letter advising the Court that on November 3, 2010, he was granted an early parole review by the Board.  (Doc. No. 36.) He stated that on December 10, 2010, the Board issued a Notice of Decision again denying him parole.  He did not attach a copy of the Notice of Decision, but raised arguments challenging this

latest parole denial.  In response to Toland's letter and in an attempt to confirm that Toland had

in fact again been reviewed for parole, the Court issued an order on February 22, 2011, directing

Defendants to respond to the letter and attach a copy of the most recent Board Notice of Action.

(Doc. No. 37.)  On March 3, 2011, Defendants filed a response to Toland's letter confirming that

he had been provided with a parole review in November of 2010, and denied parole on

December 12, 2010.  Attached to Defendants' response was a copy of the latest Notice of Action

denying parole.  (Id., Ex. B.)  Defendants also argued that any challenge by Toland to the latest

parole denial on the basis of the Ex Post Facto and Due Process clauses was without merit.  In

support of their argument they submitted a copy of the Board's confidential Parole Decisional

Instrument for in camera review.  (Id., Ex. A.)

## II.    Discussion

In the standing complaint before the Court, Toland challenges his parole denial of March

25, 2009.  The only relief sought by Toland was injunctive in the form of a new interview by the

Board and consideration for release on parole.  Based upon Toland's letter of January 21, 2011,

and confirmed by Defendants' response thereto, it is clear that he has received the only relief

requested in the standing complaint.  Based upon such, Defendants' motion to dismiss will be

granted in that his request for injunctive relief as contained in the standing complaint is now

moot.  See Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d

Cir. 2001)("Article III of the Constitution grants the federal courts the power to adjudicate only

actual, ongoing cases or controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690,

698-99 (3d Cir. 1996)("If developments occur during the course of adjudication that eliminate a

plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the

requested relief, the case must be dismissed as moot.").  The complaint, however, will be dismissed without any prejudice to Toland to file a new action challenging the most recent parole denial of December 12, 2010.   An appropriate order is attached.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER TOLAND,** | : | **CIVIL NO. 1:CV-08-0487** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **CATHERINE McVEY, et al.,** | : | |
| **Defendants** | : | |

**O R D E R**

**NOW, THEREFORE, THIS 31st  DAY OF MARCH, 2011,** in accordance with the

attached Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.     Defendants' Motion to Dismiss the Amended Complaint, as supplemented (Doc.
No. 32) is **granted**.   The complaint is **dismissed without prejudice** to Plaintiff
to file a new action challenging the Parole Board's December 12, 2010 denial of
parole.

2.     The Clerk of Court is directed to **close this case**.


 S/ Yvette Kane_____
YVETTE KANE, Chief Judge
Middle District of Pennsylvania